IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL POLYI, : | No. 3:25cv521 |
|          Plaintiff    : | |
|                              : | (Judge Munley) |
|     v.                      : | |
| FEDERAL AVIATION : | |
| ADMINISTRATION and THE : | |
| UNITED STATES DEPARTMENT : | |
| OF TREASURY, : | |
|          Defendants  : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM and ORDER

In this matter, Plaintiff Crystal Polyi, *pro se*, moves to proceed *in forma pauperis* without prepaying fees or costs. Plaintiff filed the instant action on March 21, 2025, and she seeks an temporary restraining order, pending a hearing on a preliminary injunction, to enjoin the defendants from taking any further actions to collect a $16,500.00 civil penalty assessed against her in FAA civil penalty case 2022FS050744. Evidently, the defendants have garnished plaintiff's income tax return, and her TRO motion also seeks to have that money returned to her.

The court will determine whether to permit plaintiff to proceed *in forma pauperis* and then screen plaintiff's complaint through the process mandated by 28 U.S.C. § 1915(e). For the following reasons, the court will grant plaintiff leave

to proceed *in forma pauperis* without the prepayment of fees and costs, but will dismiss the case for lack of subject matter jurisdiction.

**I. Background**

The FAA assessed a civil penalty against plaintiff in the amount of $16,500.00 for failing to comply with 14 C.F.R. § 121.580 and 49 U.S.C. § 46318, which prohibit the assault and threatening of crewmembers or other individuals on an aircraft. (Doc. 4, Exh. A. to Pl.'s Compl.) Plaintiff alleges that the FAA did not properly serve her with the civil penalty documents in February of 2022. Regardless, she asserts that she made a good faith attempt to request a hearing on May 7, 2022, but the email she sent to request the hearing was sent to the wrong address due to a typographical error. It is not clear when plaintiff realized that she sent the request to the wrong email address.

Correspondence provided by the plaintiff from Lierre Green, Deputy Assistant Chief Counsel, Aviation Litigation Division of the FAA indicates that the FAA attempted to notify plaintiff two more times of the proposed civil penalty, once on June 9, 2022, and again on June 28, 2022. The FAA never received a reply from the plaintiff or a written request for a hearing so the FAA issued an Order assessing the $16,500 penalty on September 16, 2022. (Doc. 4, Exh. B. to Pl.'s Compl.).

As noted above, the FAA evidently garnished plaintiff's income tax return and this lawsuit followed, challenging the FAA's actions.

## II. IFP Application

Federal courts may authorize the commencement of civil action, "without prepayment of fees or security," by a plaintiff "who submits an affidavit that includes a statement of all the assets [she] possesses," demonstrating an inability to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). Review of the plaintiff's *in forma pauperis* application indicates that she is unable to pay the court costs and filing fees, and the court will grant leave to proceed *in forma pauperis* for the purposes of filing the instant complaint.

## III. Section 1915 Screening

When the court grants *in forma pauperis* status, the law mandates a preliminary review, or screening, of the action and dismissal it if is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). During this review, the court may also evaluate subject matter jurisdiction *sua sponte*. See Muchler v. Greeenwald, 624 F. App'x 794, 797 (3d Cir. 2015). Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir.1993). Moreover, federal courts have an obligation to address issues of subject matter jurisdiction

*sua sponte*. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002).

This court lacks jurisdiction over the instant dispute. Plaintiff seeks to challenge a ruling by the FAA. Because the FAA is a federal agency, an administrative procedure exists for persons such as the plaintiff to proceed through before appealing to the federal courts. The Administrative Procedure Act outlines the proper administrative appeals process for someone who has been fined civilly by the FAA. Once the administrative appeals process has been exhausted, the decision of the Administrator of the FAA becomes final, and may be appealed to the **United States Court of Appeals**. 49 U.S.C. § 46110; see Fleming v. U.S. Dept. of Transp., 348 F. App'x 736, 737 (3d Cir. 2009) ("the Aviation Act provides that the courts of appeals have 'exclusive jurisdiction to affirm, amend, modify, or set aside' orders of the FAA. See 49 U.S.C. § 46110(a), (c).)" The United States District Court has no role in the appeal process. As such the court is without authority to address plaintiff's motion.

**AND NOW**, to wit, this 21st day of March 2025, the plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is granted for the sole purpose of filing the instant complaint. The court **DISMISSES** this case *sua sponte* for lack of jurisdiction.

4

The Clerk of Court is directed to close this case.

_____
JUDGE JULIA K. MUNLEY
United States District Court